IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RITHA CHANNETTE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-CV-640-N (BT) |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On March 19, 2018, Plaintiff Ritha Channette Smith, filed this civil action for judicial review of a final decision by the Commissioner of Social Security denying her application for disability and supplemental security income benefits. *See* Compl. 1-2 [ECF No. 1]. Although Plaintiff did not pay the filing fee or submit a request to proceed *in forma pauperis* at the time she filed her complaint, her attorney indicated that Plaintiff would be filing a motion to proceed *in forma pauperis*. *See* Filer fee not [ECF No. 1]. On May 9, 2018, Plaintiff's attorney filed a motion to withdraw on the ground that Plaintiff had failed to cooperate with him to prepare the motion to proceed *in forma pauperis*. *See* Mot. [ECF No. 4]. Counsel stated that Plaintiff has failed to return his telephone calls and letters, and that he therefore concluded that she has abandoned her interest in prosecuting this action. In view of these circumstances, the Court entered an Order on May 28, 2018, directing Plaintiff to pay the filing fee or file a motion to

1

proceed *in forma pauperis* within 30 days. *See* Order 1 [ECF No. 5]. The Court admonished Plaintiff that failure to comply with the Court's Order would result in a recommendation to the District Court to dismiss her Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See* Order 1. On June 11, 2018, Plaintiff's counsel filed a notice with the Court stating that he mailed Plaintiff a copy of the Court's May 28, 2018 Order via U.S. Mail. *See* Notice 1 [ECF No. 6]. To date, Plaintiff has not paid the filing fee, nor has she submitted a request to proceed *in forma pauperis*.

"A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b)." *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962)). The dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* at 880 (citing *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981)).

Plaintiff has failed to prosecute her case. She has not complied with the Court's Order directing her to pay the filing fee; nor has she submitted a request

to proceed *in forma pauperis*. The Court's Order expressly warned Plaintiff that her case could be dismissed if she did not comply with the Court's Order. Plaintiff has failed to cooperate with her attorney to file the necessary motion for the case to proceed. In fact, Plaintiff has failed to take any action to advance this litigation since the filing her Complaint. Under these circumstances, dismissal is warranted. Accordingly, the Court recommends that Plaintiff's case be DISMISSED without prejudice, pursuant to FED. R. CIV. P. 41(b), for failure to prosecute.

 SO RECOMMENDED.

 June 28, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

      The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).